**IN THE U.S. DISTRICT COURT FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **vs.** | : |
| | : **Criminal Nos. 10-CR-51-1 (RMC)** |
| **MARK ANTHONY PRAY,** | :                    **10-CR-51-2 (RMC)** |
| **KENNETH BENBOW,** | :                    **10-CR-51-4 (RMC)** |
| **ALONZO MARLOW,** | : |
| | : |
| _____ | : |

**JOINT MOTION TO SUPPRESS CELL PHONE EVIDENCE**

Mark Pray, Kenneth Benbow[1], and Alonzo Marlow, by and through

undersigned counsel, respectfully move this Honorable Court for pursuant to

Federal Criminal Rule of Criminal Procedure 12, 41, and 47, and the Fourth, Fifth,

and Sixth Amendments and the Due Process Clause of the United States

Constitution, to suppress all cell phone records obtained without a warrant.  In

support thereof counsel states the following:

1.      Mr. Pray, Mr. Benbow and Mr. Marlow has been charged by indictment

with conspiracy to distribute and possess with intent to distribute narcotics,

conspiracy to participate in a racketeer influence corrupt organization, continuing

criminal enterprise (Pray only) and substantive counts.  The investigation which led

to their arrest was conducted by various governmental law enforcement agencies.

2.      In April 2009, without a warrant, MPD Detective Xanten requested

cell phone records for 202-290-8200, a number claimed then and now by the

---

[1] This motion has been discussed previously with all counsel and so counsel
continues to presume that Mr. Benbow joins in this motion.  Counsel contacted his
counsel this week but has not been able to determine formally now if he joins in the
relief sought.

government to have been used by Mr. Pray.  See Exhibit 1 at 1.

3.     In 2009 and 2010, the government applied for orders directing the disclosure of telecommunications records for various cellular phones at various points.  See Exhibit 1at 2- for orders.

4.     These requests were for records pertaining to eight categories of items:

(a)     cell site activation, including side and/or sector information for incoming, outgoing, and "direct connect" calls;

(b)     numbers dialed;

(c)     incoming numbers, if identified;

(d)     call durations;

(e)     a listing of all control channels and their corresponding cell-sites and side, if available;

(f)     subscriber information, international mobile subscriber identity (IMSI) or electronic serial number information (ESN), and billing information for the specified cellular/wireless telephone as well as an indication of whether text messaging was an active feature on this account during the period below;

(g)     an engineering map, showing all cell-site tower locations, sectors, and orientations; and

(h)     subscriber information, IMSI or ESN information and billing information for any other cellular/wireless telephones on this account or that may be identified from these records.

5.     In each case, the court found that "the applicant has certified that

there are reasonable grounds to believe that the information sought is relevant and materials to a criminal investigation of suspected 18 U.S.C. § 1959 and D.C. Code § 22-2101" and accordingly ordered the requested order.

6.     Although discussed at the last hearing in this case, requested by the defense, and the defense even agreed initially to a protective order for the information (with the ability to seek disclosure if necessary to any non-attorney), the government has declined to provide counsel with the applications filed in each instance for the orders.  Counsel submits that these applications would need to be made available to counsel and the Court at a hearing on the motion.  In the research that counsel has done on this issue, the applications made for orders for evidence being used in most criminal cases where they have been requested, have been disclosed to counsel.  Counsel is filing a motion to compel along with this motion.

7.     Without probable cause, law enforcement officers seized evidence each time (the eight categories of evidence outlined above) that the government seeks to admit at trial and/or provide testimonial evidence.  Because these police actions were done without a warrant, the government bears the burden of establishing and probable cause for the seizure of evidence without a warrant.  *See United States v. Watson*, 423 U.S. 411, 432 n.5 (1976) (Powell, J., concurring) (emphasizing the Supreme Court's "long-standing position that [a warrantless] arrest should receive careful judicial scrutiny if challenged"}; *Henry v. United States*, 361 U.S. 98, 102 (1959) (probable cause requirement "strictly enforced").  An evidentiary hearing on

this motion will show that the government cannot meet this burden.  After such illegal actions, the police allegedly recovered evidence, which the government seeks to introduce against him at trial.  It is settled law that all fruits of an illegal arrest must be suppressed.  *Wong Sun v. United States*, 371 U.S. 471, 483 (1963) (all evidence "come at by the exploitation of that illegality must be suppressed").  Counsel is also moving the Court to suppress any evidence obtained as the fruit of any of this impermissibly obtained evidence.

8.      Mr. Pray, Mr. Benbow and Mr. Marlow each had a constitutionally protected expectation of privacy in certain of the evidence seized, as their cell phones that they used and had access to.  With a constitutionally protected expectation of privacy, probable cause was required, found by a judicial officer, prior to seizure of the evidence.  *See United States v. Maynard,* 615 F.3d 544 (D.C. Cir. 2010), *cert granted by United States v. Jones*, 131 S.Ct. 3064 (Jun 27, 2011)( holding that the warrantless use by police of a global positioning system (GPS) device attached to defendant's vehicle to track his movements 24 hours a day for 28 days defeated defendant's reasonable expectation of privacy in his movements over the course of a month, and thus was a "search" under the Fourth Amendment; although the GPS tracker was attached to defendant's vehicle, the totality of defendant's movements over the course of a month was neither actually or constructively disclosed to the public, and the prolonged GPS monitoring revealed an intimate picture of defendant's life);[2] *see also In the Matter of an Application of the United*

---

[2] Counsel understands that there is pending proposed legislation in both the Senate

*States of America for an Order Authorizing the Release of Historical Cell-Site Information,* 08/22/2011 *MEMORANDUM AND ORDER* (10-mc-00897-NGG-JO)(Eastern District of New York (Brooklyn)(The court concludes that existing Fourth Amendment doctrine must be interpreted so as to afford constitutional protection to the cumulative cell-site-location records requested here. For the foregoing reasons the Government's motion for orders pursuant to 18 U.S.C. § 2703(c)(l) and (d) is DENIED). *See also American Civil Liberties Union v. U.S. Dept. of Justice,* 655 F.3d 1 (C.A.D.C. 2011)("Courts are divided as to whether the government must show probable cause before it can obtain cell phone location data, (*Compare In re Application of U.S. for and Order ... Authorizing Disclosure of Location–Based Servs.,* 727 F.Supp.2d 571 (W.D.Tex.2010), *In re Applications of U.S. for Orders Authorizing Disclosure of Cell Site Info.,* Nos. 05–403 et al., 2005 WL 3658531 (D.D.C. Oct. 26, 2005), *In re Application of U.S. for an Order ... Authorizing Release of Subscriber Info. and/or Cell Site Info.,* 396 F.Supp.2d 294 (E.D.N.Y.2005)*, and In re Application for Pen Register & Trap/Trace Device with Cell Site Location Authority,* 396 F.Supp.2d 747 (S.D.Tex.2005), *with In re Application of U.S. for Order Directing Provider of Elec. Commc'n Serv. to Disclose*

---

and House that would require a warrant before tracking a cellphone's location. *See, e.g., The Electronic Communications Privacy Act: Promoting Security and Protecting Privacy in the Digital Age: Hearing Before the S. Judiciary Comm.,* 111th Cong. (2010); *ECPA Reform and the Revolution in Location Based Technologies and Services: Hearing Before the Subcomm. on the Constitution, Civil Rights, and Civil Liberties of the H. Comm. on the Judiciary,* 111th Cong. (2010); *The Collection and Use of Location Information for Commercial Purposes: Hearing Before the Subcomm. on Commerce, Trade, and Consumer Protection and the Subcomm. on Commc'ns, Tech., and the Internet of the H. Comm. on Energy & Commerce,* 111th Cong. (2010).

*Records to Gov't,* 620 F.3d 304, 318 (3d Cir.2010)*, United States v. Forest,* 355 F.3d 942, 950–52 (6th Cir.2004)*, vacated on other grounds,* 543 U.S. 1100, 125 S.Ct. 1050, 160 L.Ed.2d 1001 (2005)*, In re Application of U.S. for an Order Authorizing Use of Two Pen Register & Trap & Trace Devices,* 632 F.Supp.2d 202 (E.D.N.Y.2008)*, In re Application of U.S. for an Order for Prospective Cell Site Location Info. on a Certain Cellular Telephone,* 460 F.Supp.2d 448 (S.D.N.Y.2006)*, In re Application of U.S. for an Order ... Authorizing Release of Subscriber Info. and/or Cell Site Info.,* 411 F.Supp.2d 678 (W.D.La.2006)*, and In re Application of U.S. for an Order for Disclosure of Telecommc'ns Records & Authorizing Use of Pen Register & Trap & Trace,* 405 F.Supp.2d 435 (S.D.N.Y.2005)), as well as on related questions regarding warrantless GPS surveillance (*Compare Maynard*, 615 F.3d at 563–67 (holding that a warrant was required to use a GPS device to monitor the defendant's vehicle for a month), with *United States v. Marquez*, 605 F.3d 604, 609–10 (8th Cir.2010) (holding that a warrant was not required to install a GPS tracking device on the defendant's vehicle for a reasonable period of time), *United States v. Pineda–Moreno*, 591 F.3d 1212, 1216–17 (9th Cir.2010) (holding that use of a GPS device to track the defendant's vehicle over a four-month period did not violate the Fourth Amendment), and *United States v. Garcia*, 474 F.3d 994, 996–98 (7th Cir.2007) (holding that a warrant was not required to conduct continuous electronic tracking of the defendant's vehicle using a GPS device).  The seizure of this evidence was illegal and must be suppressed.

WHEREFORE, Mr. Pray, Mr. Benbow and Mr. Marlow, by and through undersigned counsel, respectfully request that the Court grant this motion.

Respectfully submitted,

MARK ANTHONY PRAY
By counsel

_____/s/_____

A. EDUARDO BALAEZO

Law Office of A. Eduardo Balarezo
400 Fifth Street, NW Suite 300
Washington, DC 20001
(O)(202) 639-0999
aeb@balarezolaw.com

_____/s/_____
Jenifer Wicks
Law Office of Jenifer Wicks
400 Seventh Street NW Suite 202
Washington, DC 20004
(O) (202) 393-3004
jenifer@jwickslaw.com

KENNETH BENBOW
By counsel

_____/s/_____
Brian Keith McDaniel
McDaniel & Associates
1211 Connecticut Avenue, N.W., Suite 506
Washington, DC 20036
(O) (202) 331-0793
(F) (202) 331-7004
bkmassociates@aol.com

_____/s/_____
Robert Lee Jenkins , Jr.
Bynum & Jenkins, PLLC
1010 Cameron Street
Alexandria, VA 22314

O (703) 309-0899
F (703) 549-7701
Email: rjenkins@bynumandjenkinslaw.com

ALONZO MARLOW
By counsel

_____/s/_____
William B. Purpura
8 East Mulberry Street
Baltimore, MD 21202
(O) (410) 727-8550
(F) (410) 576-9351
wpurp@aol.com

_____/s/_____
Howard Bernard Katzoff
Law Offices of Howard Katzoff
717 D Street, N.W., Suite 310
Washington, DC 20004
(O) (202) 783-6414
(F) (202) 628-2881
katzoffh@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the parties.

_____/s/_____
JENIFER WICKS